TEAMSTERS LOCAL UNION NO. 688, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a Labor Organization, et al., Plaintiffs,

v.

MIZERANY WAREHOUSE, INC., a corporation, Defendant.

No. 74–57 C (1).

United States District Court,
E. D. Missouri, E. D.

Aug. 9, 1974.

Barbeau A. Roy, Wiley, Craig, Armbruster & Wilburn, St. Louis, Mo., for plaintiffs.

James F. Gunn, Gunn & Gunn, St. Louis, Mo., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, Chief Judge.

This cause was submitted to the Court on a stipulation of facts and briefs.

### FINDINGS OF FACT

1. That plaintiff Teamsters Local Union No. 688, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a labor organization, hereinafter referred to as "the Union", is a voluntary unincorporated labor organization which exists for the purpose of representing employees for purposes of collective bargaining with their employers concerning rates of pay, hours of work and other terms and conditions of employment; said plaintiff is a labor organization which represents employees in an industry affecting commerce within the meaning of Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. Sec. 185.

2. That plaintiffs Paul Akers, Elmer Goebel and Vincent P. Nangle at all material times were and still are the duly designated and acting Trustees of the Teamsters Health & Welfare Trust, a common law trust, hereinafter referred to as the "Health & Welfare Fund Trust".

3. That plaintiffs Thomas J. Duffey, Frank E. Fitzsimmons, Robert Holmes, William J. Kennedy, Herman A. Lueking, Jr., Andrew J. Massa, A. D. Matheson, J. W. Morgan, Donald Peters, William Presser, Frank H. Ranney, J. A. Sheetz, Odell Smith, John Spickerman, and Roy L. Williams, or their predecessors, at all material times were and still are the duly designated and acting Trustees of the Central States, Southeast and Southwest Areas Pension Fund, a common law trust, hereinafter referred to as the "Pension Fund".

4. That at all times material herein defendant was a corporation engaged in the business of commercial warehousing with an office and principal place of business in the City of St. Louis, Missouri. In the ordinary course of its business, defendant annually purchased goods and materials in substantial dollar volume which originated from points located outside of the State of Missouri. Defendant annually engaged in substantial dollar volume business with persons, firms and corporations which are engaged in businesses affecting interstate commerce. Defendant at all times material herein was engaged in a business affecting commerce within the meaning of the National Labor Relations Act, as amended, 29 U.S.C. Sec. 151 et seq.

5. That jurisdiction is conferred upon this Court by virtue of Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. Sec. 185, which provides for suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce.

6. That all times material herein defendant, in the course of engaging in its business, employed individuals who were represented for purposes of collective bargaining by the Union. Said employees were employed by defendant under a collective bargaining agreement with the Union covering rates of pay, hours of work and other terms and conditions of employment.

7. That under the terms of the collective bargaining agreement referred to above, defendant agreed, among other things, to deduct current monthly union dues from the paycheck of employees who had signed proper legal authorizations for such deductions, and to remit to the Union all union dues so deducted no later than the 15th of the month following the month in which said monies were checked off.

8. That under the terms of the collective bargaining agreement referred to above, defendant agreed, among other things to pay and contribute to the Health & Welfare Fund Trust the sum of sixteen dollars and five cents ($16.05) per week for each employee covered by and subject to said agreement commencing November 1, 1972, said contributions to be paid monthly to the Health & Welfare Fund Trust; defendant likewise agreed to submit together with the monthly contributions, reports specifying the employees on whose behalf contributions were made.

9. That under the terms of the collective bargaining agreement referred to above, defendant agreed, among other things, to pay and contribute to the Pension Fund the sum of eleven dollars ($11.00) per week per employee covered by and subject to said agreement who worked twenty-four (24) or more hours in any regular work week during the period November 1, 1970, through October 31, 1972, and the sum of twelve dollars ($12.00) per week per such employee commencing November 1, 1972. Defendant likewise agreed to submit, together with its monthly contributions, reports specifying the employees on whose behalf the contributions were made.

10. That defendant deducted union dues during the period November 1, 1972 through March 19, 1973 in the amount of three hundred and twenty-seven dollars and fifty cents ($327.50), but has not remitted said monies to the Union.

11. That defendant has not remitted to the Health & Welfare Fund Trust contributions for the period November 1, 1972 through March 19, 1973. That said contributions, if found by the Court to be due and owing, total nine hundred and sixty-three dollars ($963.00).

12. That on or about June 13, 1972 defendant submitted to the Pension Fund a report but no contribution for the month of April, 1972 showing a contribution owed for said month in the amount of three hundred and thirty dollars ($330.00).

13. That defendant has not remitted to the Pension Fund reports of contributions for the period October 1, 1972 through March 19, 1973. That the contributions for said period, if found by the Court to be due and owing, total nine hundred fifty-six dollars ($956.00).

14. That prior to March 12, 1973 the Union and defendant entered into discussion regarding the termination of defendant's operations and certain employee grievances then pending between the Union and the Company; and that during these discussions the subject of delinquent union dues or delinquent contributions to the Health and Welfare Fund Trust and Pension Fund did not arise.

15. That on March 14, 1973, the Union accepted the Company's proposal for severance pay, the resolution of pending grievances, and claims for benefits and work under the collective bargaining agreement and terminated said agreement. This agreement contained the following paragraphs 4a and 4b:

"a. The corporation will pay the following amounts as severance pay and all of the accrued vacation time and accrued roving holiday time to each of the following employees as the final accounting for such accrued benefits would be determined pursuant to the contract in complete satisfaction of all grievances pending and all claims for benefits and work under the collective bargaining agreement:

| "Ray Blackey | $1148.00 |
| Tim Price | 1170.00 |
| Eddie Tutt | 992.00 |
| D. L. White | 1230.00 |
| James Woodford | 468.00 |

"b. The existing contract between Teamster Local # 688 and Mizerany Warehouse, Inc. is hereby *resconded* and the employment of all employees thereunder is hereby terminated."

16. That sometime after the acceptance and execution of said proposal, the Union requested from defendant the remission of dues and contributions for the periods and in the amounts hereinabove set forth.

## CONCLUSIONS OF LAW

1. The proposal of the defendant which was accepted by the Union on March 14, 1973, resolved all differences between the Union and the Company and terminated the contract of employment.

2. The acceptance by the union was in complete satisfaction of all claims for benefits which included union dues as set out in Count I. Accordingly, judgment will be rendered for defendant on Count I.

3. The company proposal did not purport to settle the rights of the Trustees of the Health and Welfare Fund or the rights of the Trustees of the Pension Fund against the company.

4. The Trustees of the Pension Fund and the Trustees of the Health and Welfare Fund are each separate entities from the Union. The Union is not the agent for these Trustees.

5. The Trustees of the two funds are not bound by the agreement of release between the company and the union.

6. Judgment will be entered for the Trustees and against the company on Counts II and III.